Ibeemax, Jl,
delivered the opinion of the court:
This was an action brought on a bond against about forty defendants. The original writ was issued in March, 1875, returnable to circuit court of Claiborne county, the first Monday in May. It was executed on all the defendants except, two, but no steps taken against them at return term ■ — nor alias issued. At next term, in September, a declaration was filed, and after that, an alias issued for the two parties not served. A discontinuance was suggested at a subsequent term, and the whole case dismissed. This was not done at. the instance of the defendants not served, but by those who had been brought into court. This was error. The whole doctrine of a discontinuance, by a chasm in issuing process, is purely technical, and goes on the presumption of abandonment of the suit by the plaintiff — a presumption frequently not well founded in, fact, and certainly does not require to be extended in order to reach the ends of justice. The defendants who were in court cannot take advantage of a failure to follow up in-ocess against two co-defendants who have not complained or raised the objection. They ought to have had plaintiff called to proceed with his case at return term, but failing to do so, the filing of the declaration at the next term, unob-jected to, was sufficient to put them on their defense. If *461 they bad objected to tiling tbe declaration, or moved to take it off tbe file, tbe court could properly have allowed it to be filed on excusing delay, and no objection could bave been urged to sucb exercise of discretion. But we tbink it clear the court erred in dismissing tbe case as to tbe parties served and declared against, because two others bad not been served with process. Plaintiff bad but to enter a nolle prosequi as to them, and this irregularity was cured.
.Reverse tbe case, and remand to be proceeded in.